

# IN THE
## TENTH COURT OF APPEALS

No. 10-08-00114-CR
No. 10-08-00115-CR
No. 10-08-00116-CR
No. 10-08-00117-CR

**COREY RYAN ARMSTRONG,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court Nos. 07-05104-CRF-361, 06-01672-CRF-361,
### 06-01673-CRF-361 and 06-01674-CRF-361

## MEMORANDUM OPINION

Corey Ryan Armstrong was convicted of a total of 22 counts, charged in four indictments, of possession of child pornography. TEX. PENAL CODE ANN. § 43.26 (Vernon 2003). Armstrong pled guilty to each count after the trial court denied his motion to suppress. He appeals that denial. Because the search warrant affidavits were sufficient to establish probable cause, the trial court's judgment is affirmed.

## SEARCH WARRANTS

Law enforcement officers executed search warrants at two different locations to gather evidence that Armstrong possessed child pornography. The first location searched was Armstrong's dormitory room at Texas A&M University. The second search was conducted approximately two years later at Armstrong's residence on Cherry Street in College Station. In one issue, Armstrong asserts that the search warrant affidavits failed to set forth probable cause to believe contraband would be located at the suspected places.

Probable cause to issue a search warrant exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). The inquiry for reviewing courts, including the trial court, is whether there are sufficient facts, coupled with reasonable inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *Id*. at 62. "We must defer to the magistrate's finding of probable cause if the affidavit demonstrates a substantial basis for his conclusion." *Id*. at 64.

When reviewing a probable cause determination, the issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit. *Id*. at 62. Further, it is not necessary to delve into all of the facts that were omitted by the affiant, facts that could have been included in the affidavit, or contrary inferences that could have been made by the magistrate. *Id*. at 64.

The only issue is whether the facts that actually were in the affidavit, combined with all reasonable inferences that might flow from those facts, are sufficient to establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *Id*.

*Appellate Case Numbers 10-08-00115-CR, 10-08-00116-CR, and 10-08-00117-CR*

As to the affidavit applicable to appellate case numbers 10-08-00115-CR, 10-08-00116-CR, and 10-08-00117-CR, Armstrong contends the affidavit did not contain facts from which the magistrate could properly conclude there was probable cause to search the suspected place, Armstrong's dormitory room. But Armstrong's argument focused on what facts *were not* in the affidavit. Our review, however, is limited to the facts that *were* contained in the affidavit.

Without restating all the information contained in the very lengthy probable cause affidavit, we note that the following information was included. In September of 2004, a Yahoo subscriber posted several images of child pornography to a Yahoo Inc. Message group. An investigation was conducted through which it was determined that two different user names were involved in posting the images. One user name was located in Brazos County, Texas. This user name uploaded 6 images depicting child pornography to his Yahoo account.

A subpoena to Yahoo revealed that the Internet Protocol address captured when the user name last logged on, on September 7, 2004, was owned by Texas A&M University in College Station, Texas. A subpoena issued to Texas A&M revealed that the subscriber for that IP address was Cory R. Armstrong, a student who was living in

Dormitory 12.  Further investigation revealed that Armstrong's room number was 12-113.

The affidavit also alleged that absent fraud, computer intrusion, or disclosure of one's private account password, a user's screen name or email account cannot be accessed by the general public.  Child pornography collections are likely to be located in the suspect's home.  Persons involved in sending or receiving child pornography tend to retain those materials for extended periods of time—months or even years.  Graphic image files containing child pornography can be maintained for long periods of time in a number of ways:  on a computer's built-in hard disk drive, on portable storage disks, on CD-ROMs, or on other computer media.  Even when the pornographic files have been deleted, computer forensic experts are often able to recover the images.  Persons who use personal computers in their homes tend to retain their personal files and data for extended periods of time.

Based on a review of the facts contained in the affidavit, combined with the reasonable inferences that might flow from those facts, we hold that there is a substantial basis to support the magistrate's conclusion that those facts were sufficient to establish a "fair probability" that evidence of possession or promotion of child pornography would likely be found in Armstrong's dormitory room.  Thus, the affidavit was sufficient to establish probable cause.

Armstrong also contends the trial court relied on stale and conclusory information in the affidavit in support of this particular search warrant.  In his written motion to suppress, Armstrong generally states that the affidavit contains stale

information and consists of conclusions that have no factual support. He then lists a plethora of "facts" that the warrant lacks which all appear to go to the sufficiency of the affidavit to establish probable cause. He does not point the trial court to what information in the affidavit he alleges to be stale, nor does he point to what information he believes to be conclusory. At the hearing on the motion, Armstrong simply relies on his motion. Now on appeal, Armstrong attempts to specifically argue what information he believes to be stale and conclusory. Because Armstrong did not argue in his motion or at the hearing what information contained in the search warrant affidavit was either stale or conclusory, he has not preserved these arguments for review on appeal. *See* TEX. R. APP. P. 33.1; *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) ("Appellant's global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he now makes on appeal.").

### *Appellate Case Number 10-08-00114-CR*

As he argued regarding the affidavit previously discussed, Armstrong also contends the affidavit involved in appellate case number 10-08-00114-CR, which was issued well after the above referenced warrants had been issued, evidence seized, and charges filed, did not contain facts from which the magistrate could properly conclude there was probable cause to search the suspected place, Armstrong's subsequent residence on 707 Cherry Street in College Station, Texas. In a nutshell, Armstrong argues there were insufficient facts in the affidavit to connect him with the residence or that a computer was located at the residence at the time an on-line chat between Armstrong and an undercover officer posing as a 13-year-old girl, "Ashton," took place.

A transcript of the chat attached to the affidavit belies this argument by Armstrong. During the chat, Armstrong indicated several times that he was at home. He also indicated he was using a computer. Further, when arrested at the arranged meeting place with "Ashton," Armstrong told law enforcement he lived at 707 Cherry Street.

Based on a review of the facts contained in the affidavit, combined with the reasonable inferences that might flow from those facts, we hold that there is a substantial basis to support the magistrate's conclusion that those facts were sufficient to establish a "fair probability" that evidence of a particular crime would likely be found at 707 Cherry Street in College Station, Texas. Thus, the affidavit was sufficient to establish probable cause.

## CONCLUSION

The affidavits were sufficient to establish probable cause. Armstrong's issue is overruled, and the trial court's judgment in each proceeding is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed April 29, 2009
Do not publish
[CR25]